## Solomon Downer *versus* Samuel Davis.

A hired laborer who has performed his work under the eye and immediate direction of his employer, if responsible to any one for negligence or unskilfulness, is responsible only to his employer, and being released by him, he is a competent witness in an action for negligence and unskilfulness in the performance of a contract under which the work was done.

Assumpsit on a contract to slaughter twenty-seven head of cattle, and to pack and salt the beef, in a careful and skilful manner.

At the trial, before *Morton* J., it appeared, that Jonathan Hastings, a deputy inspector and packer of beef, was employed by the defendant to pack and salt the beef in question ; but that it did not keep sweet, and was sold with the consent of the defendant as damaged.

The defendant offered Hastings as a witness, to prove that the beef was well and skilfully packed by him and his hands ; but his testimony was excluded.

The defendant then offered as a witness Samuel N. Hastings, son of Jonathan, who was employed by his father to assist in packing the beef, and received wages of him like a hired man, although then under age. The witness, having been released by his father, was objected to by the plaintiff, on the ground, that he was still liable to the defendant and to the plaintiff, in case of negligence on his part in packing the beef; but he was permitted to testify, subject to the opinion of the whole Court on the question of his admissibility.

The witness testified, that the whole operation of packing the beef was performed under the eye of his father, and according to his directions.

The jury found a verdict for the defendant.

The plaintiff moved for a new trial, on the ground that the witness was improperly admitted.

*W. Smith*, in support of the motion, cited to the point, that a verdict in favor of the plaintiff would be admissible in evidence, in an action by the defendant against J. Hastings and his son, *Bush* v. *Steinman*, 1 Bos. & Pul. 403 ; *Michael* v. *Aleston*, 2 Lev. 172 ; Com. on Contr. 528.

*D. A. Simmons* and *Gay*, for the defendant, cited Roscoe on Ev. 81, 82, and cases cited ; *Carter* v. *Pearce*, 1 T. R. 163 ; *The King* v. *Bray*, Rep. Temp. Hardwicke, 358 ; *Clark* v. *Lucas*, Ryan & Moody, 32.

*Per Curiam.* Hastings, the son, was, we think, a competent witness. He was merely employed as an assistant to his father, to do such acts as he was directed to do, the whole, as he testifies, being done under the eye and immediate direction of his father. Without reference to the relation of these parties as father and son, but regarding the witness as an independent hired laborer, we do not perceive how he could be liable for acts thus done by the special direction of his employer. But were it otherwise, he could be responsible to nobody but his father, who employed him ; and from that responsibility, ⋅he father's release effectually discharged him.

*Judgment on the verdict.*